UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

WALLACE DEAN-MITCHELL,        )
                              )
       Petitioner             )
                              )
v.                            )      Case No. 1:09-CV-2253-VEH-HGD
                              )
WARDEN CONSTANCE REESE,       )
                              )
       Respondent             )

# MEMORANDUM OPINION

On August 10, 2012, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. On August 22, 2012, petitioner filed objections to the magistrate judge's report and recommendation.

## I.   Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). A district judge must review legal conclusions *de novo*, even in

the absence of an objection. *See Cooper-Houston v. S. Ry.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd* 28 F.3d 116 (11th Cir. 1994).

That said, the court also acknowledges the principle that "[n]either the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). Moreover, absent specific objections, there is no requirement that a district judge review factual findings *de novo*. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that when a party "did not file specific objections to factual findings by the magistrate judge, there was no requirement that the district court de novo review those findings") (emphasis in original) (citations omitted).

Additionally, it is incumbent upon the parties to raise before the district court any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *United States v. Pilati*, 627 F.3d 1360, 1364 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court.")

Finally, "a district judge has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir.2009), *cert. denied*, 129 S.Ct. 2747 (2009). In particular, a district judge has discretion not to consider a habeas petitioner's arguments first raised after a magistrate judge has submitted an R & R. *Id*. The *Williams* Court noted the negation of the efficiencies of referrals, and the possibility of gamesmanship, that would occur could litigants foist on district courts arguments and evidence they neglected to present to the magistrate judge. *Id*. at 1291–92. An adequate explanation for the failure might persuade the Court to consider a tardy argument despite these concerns, but the petitioner offers none. Accordingly, the Court in its discretion declines to consider his belated contentions. Alternatively, the Court finds that these belated contentions lack merit, as set out below.

## II.   The Belated Contentions

### 1.   Opportunity To Earn Good Time.

First, Petitioner newly contends that the disciplinaries he received in which he did not lose good time credit should nonetheless be reviewed because, by being in disciplinary segregation, he lost the opportunity to earn good conduct time and educational good conduct time (EGT).  However, the loss of the <u>opportunity</u> to earn good-time credits does not implicate a liberty interest. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Further, as an inmate whose conviction was in the District of Columbia and whose offense conduct occurred between April 11, 1987, and August 5, 2000,

Petitioner is entitled to earn DCEGT. BOP PS ¶ 12.2(e). "For D.C. Code offenders transferred to the BOP, educational good time credits are noted in the 'Conduct Credits' section of the DCDC Face Sheet. *Id*. ¶ 12.2(i). Under BOP policy, however, DCEGT credits are not to be awarded 'until the D.C. Educational Good Time form is received from the Supervisor of Education.' *Id*. ¶ 12.2(n)." *Sawyers v. Warden, USP Atlanta*, 465 Fed.Appx. 837, 838-39, 2012 WL 470429, *1 (11th Cir. 2012). Petitioner had the burden of proving that the BOP had received the D.C. Educational Good Time form from the Supervisor of Education and, having received it, incorrectly calculated his parole eligibility date. However, he failed to provide any evidence of this.

    2.   <u>Aggregate Number</u>

Petitioner also claims that the aggregate number of days of disciplinary segregation imposed as a result of all of the disciplinary proceedings indeed amounts to an "atypical and significant hardship" and therefore implicates a liberty interest. However, *Marion v. Columbia Correctional Institution*, 559 FR.3d 693,698 (7th Cir. 2009), the case he cites to support that contention, involved an inmate who received 240 days of disciplinary segregation for one disciplinary, not an aggregate of 375 (or, as Petitioner contends, 420) for ten disciplinaries (as Petitioner received). It is by no means clear that Petitioner's time in segregation as a result of the disciplinaries was uninterrupted; in fact, it appears that Petitioner had time in population (or at least in the Special Housing Unit) in between his times in segregation. In any event, as is

stated in the Report and Recommendation, the conditions in segregation do not appear to be much more onerous than those in the SHU or general population.

    3.    <u>ADMAX</u>

Petitioner also argues that the disciplinaries have been used to reassign him to the ADMAX prison in Colorado for especially dangerous inmates, and that placement in such a high security facility implicates a liberty interest. The Supreme Court case he cites to support his position, *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005), does hold that inmates have a liberty interest in avoiding assignment to a "supermax" prison. However, *Wilkinson* also held that the state's informal, nonadversary procedures for placement of an inmate in such a facility were adequate. In this case, not only has Petitioner not challenged his assignment to ADMAX as a separate claim, his disciplinary and institutional history are more than adequate to allow BOP to designate him for placement at ADMAX by using its usual facility assignment review procedure.

**III. Conclusion**

After careful consideration of the record in this case and the magistrate judge's report and recommendation and the petitioner's objections that are relevant thereto, the court hereby **ADOPTS** the report of the magistrate judge. The court further **ACCEPTS** the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied as to IR 1577162, IR 1615185, IR 1634407, IR 1646632, IR 1651998, IR 1662023, IR 1670814, IR 1673731 and IR 1812962, and that an evidentiary hearing be held as to IR 1507668.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this the 4th day of September, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge